# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:03CV251
## (1:00CR69-5)

| | |
|---|---|
| AMOS JUNIOR SCOTT,  )<br>  )<br>　　　Petitioner,　　)<br>  )<br>Vs.　　　　　　　　　) <br>  )<br>UNITED STATES OF AMERICA,  )<br>  )<br>　　　Respondent.　　)<br>_____) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on the Petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence, filed October 10, 2003, his supplement to that motion, filed December 2, 2003, his motion to amend, filed January 16, 2004, a motion to expand the record, filed July 20, 2004, a motion to supplement, filed February 3, 2005, and a letter of clarification, filed September 12, 2005. The motion to expand the record is denied, but the Court will allow the filing of the supplemental matters. No response is necessary from the Government.

## I.  STANDARD OF REVIEW

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack.  **28 U.S.C. § 2255.**  However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.**  The Court, having reviewed the record of criminal proceedings, enters summary dismissal for the reasons stated herein.

## II.  PROCEDURAL HISTORY

On September 11, 2000, the Petitioner was charged in a one-count bill of indictment with conspiracy to possess with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. §§ 841 and 846.  **Bill of Indictment, filed September 11, 2000.**  The indictment specifically charged that the conspiracy involved at least 5 kilograms of cocaine.  *Id.*  On that same date,

the Government filed an information noting the Petitioner's prior felony conviction for possession of drugs.  **Information pursuant to Title 21, U.S.C. § 851, filed September 11, 2000.**  On January 12, 2001, the Petitioner was found guilty by jury verdict of the sole count of the indictment.  **Verdict Sheet, filed January 12, 2001.**  The verdict sheet contained a special interrogatory pursuant to which the jury found the conspiracy involved at least 5 kilograms of cocaine.  *Id.*  On August 17, 2001, the undersigned sentenced the Petitioner to life imprisonment.[1]  **Judgment in a Criminal Case, filed September 13, 2001.**  In imposing this sentence, the undersigned agreed with Petitioner's attorney as to one objection to the presentence report and noted that modification on the Judgment.  *Id.*

---

[1]The Supreme Court held in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that other than a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury and proven beyond a reasonable doubt.  Because the indictment specified and the jury found that drug quantity at issue and because the Petitioner had a prior felony drug conviction, the maximum sentence prescribed by the statute was life imprisonment.  **21 U.S.C. § 841(b)(1)(A)(ii) ("If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment[.]").**

On July 12, 2002, the United States Fourth Circuit Court of Appeals affirmed the Petitioner's conviction and sentence. **United States v. Scott**, **40 Fed. Appx. 807 (4th Cir. 2002)**, *cert. denied*, **537 U.S. 1140 (2003)**. In that decision, the Fourth Circuit found the undersigned did not err in admitting evidence of the Petitioner's affiliation with a street gang or of hotel registrations and telephone records, and did not allow "bolstering" of the testimony of an agent for the Federal Bureau of Investigation. *Id.* The Circuit also found that the Petitioner was properly sentenced as a career offender and the enhancement for his role in the offense was proper. *Id.* The Petitioner's petition for a writ of *certiorari* was denied by the Supreme Court on January 13, 2003.

On October 10, 2003, the Petitioner timely filed this motion pursuant to 28 U.S.C. § 2255. In this motion, the Petitioner claims he received ineffective assistance of counsel.

### III. DISCUSSION

In considering Petitioner's claims that he has not received adequate assistance of counsel,

> [f]irst, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

**Strickland v. Washington**, 466 U.S. 668, 686 (1984). Unless a defendant makes both showings, his claim of ineffective assistance of counsel must fail. **Id**. Thus, a defendant must show that counsel's performance fell below objective standards of reasonableness and, that but for his conduct, there was a reasonable probability the result would have been different. **Id., at 688; Hill v. Lockhart**, 474 U.S. 52 (1985); **Fields v. Attorney Gen.**, 956 F.2d 1290 (4th Cir. 1992). If the defendant fails to make the first showing, there is no need to consider the second. **Strickland, supra**.

Petitioner's first claim is that his trial counsel failed to investigate and obtain evidence to prove that his probationary sentence for a prior conviction was never revoked. The Petitioner's status as a career criminal, he contends, was erroneously assessed due to this ineffective assistance. The Petitioner does not deny, and did not at sentencing, that he was convicted in 1987 in California for assault with a deadly weapon and sentenced to four years

imprisonment with a suspended sentence of five years. **Presentence Report, dated April 19, 2001, at 7.** The Probation Officer found that the Petitioner's probation was revoked on April 24, 1989, and an active sentence of two years imprisonment was imposed. *Id.* Because his probationary sentence was revoked, in calculating the Petitioner's criminal history points, the Probation Officer counted the points attributable to this sentence. **See, U.S.S.G. §§ 4A1.1 and 4A1.2(k).** Because the Probation Officer counted these points, it placed the Petitioner into a career offender category.

In an effort to avoid this status, the Petitioner claims that his probation was never revoked. It appears, based on documents provided by the Petitioner, however, that he is confused. On October 25, 1986, the Petitioner was arrested in San Joaquin County, California, and charged with first degree murder in the case of *California v. Amos Scott*, Case No. 39348.[2] **Presentence Report,** *supra***.** On July 13, 1987, he pled guilty to a reduced charge of a violation of California Penal Code § 245(a), assault with a deadly

---

[2]On October 25, 1986, the Petitioner shot and killed Paul Saucier in Stockton, California. His co-conspirator in the present case, George McBride, was present when Saucier was killed.

weapon of force likely to produce great bodily injury, and was sentenced to four years imprisonment, suspended for five years. *Id.*

On March 8, 1989, the Petitioner appeared in state court in California in the case of *California v. Amos Scott*, Case No. 44225, in which he was charged with a felony drug violation, possession of rock cocaine. **Appendix 1, *attached to* Petitioner's § 2255 Motion ["Petitioner's Motion"].** The Petitioner entered a guilty plea to that charge and was advised by the judge that he would be sentenced to a two-year term of imprisonment. **Appendix 2, *attached to* Petitioner's Motion.** The Petitioner's attorney noted on the record that the plea agreement for the drug charge included a provision that if the Petitioner's probationary sentence in "the 245 case," *i.e.*, the above case for a violation of California Penal Code §245, assault with a deadly weapon, was revoked due to his conviction for the drug offense, the Petitioner's prison sentence in Case No. 44225, the drug case, would run concurrently to any active term ultimately to be imposed in "the 245 case," the assault case. **Appendix 2-3, *attached to* Petitioner's Motion.** In other words, both defense counsel and the California court anticipated that the Petitioner's conviction

and sentence to two years imprisonment for the drug charge would result in a revocation of his probationary sentence in the assault case.

That is, in fact, what occurred, as the documents submitted by the Petitioner show. The Judgment entered on April 24, 1989, sentenced the Petitioner to two years imprisonment for the drug conviction and cross-referenced his assault case, Case No. 39348. **Appendix 4-5,** *attached to* **Petitioner's Motion.** His probation was revoked and he was sentenced to a concurrent term of two years imprisonment on April 24, 1989.

The confusion stems from the Petitioner's misreading of a document issued in May 1992. On May 5, 1992, the Petitioner's California probation officer issued a report explaining that on <u>June 1, 1989</u>, not April 24, 1989, the officer had mistakenly requested a bench warrant for the Petitioner's violation of probation in the assault case. **Appendix 6,** *attached to* **Motion.** The request was a mistake because the officer requested a violation "on the basis of offenses for which the [Petitioner] had already been sentenced to State Prison." *Id.* In other words, after the Petitioner's probation had already been revoked due to his conviction for the drug charge, the probation officer mistakenly issued a violation report because he did not know that the

Petitioner had already been sentenced to two years imprisonment on the drug charge to run concurrently with the sentence for the revoked probationary sentence. Instead of proving that the Petitioner's probationary sentence was never revoked, the documents provided by the Petitioner prove that it was, in fact, revoked. The Petitioner's claim of ineffective assistance of counsel on this issue is, therefore, rejected.

Moreover, this same issue was raised and rejected on direct appeal. The Fourth Circuit noted:

> Scott next contends that the district court clearly erred in sentencing him as a career offender. Because Scott had prior felony convictions for assault with a deadly weapon and possession of "rock" cocaine, the district court did not clearly err in sentencing him as a career offender. We further conclude that Scott's claim that he did not receive notice of the assault with a deadly weapon conviction is meritless.

**Scott, 40 Fed. Appx. at 808 (internal citations omitted).** Since this issue was raised and determined on direct appeal, the Petitioner may not use a collateral attack to relitigate the same claim. **United States v. Rush, 99 Fed. Appx. 489, 490 (4th Cir. 2004) (citing Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (1976) (issues raised and determined on direct appeal may not be reconsidered by a collateral attack)).**

The Petitioner next claims that because his probationary sentence was never revoked, he never served an active sentence and, therefore, his assault conviction may not be counted toward career offender status. He also argues, variously, that even if it were revoked, his 1987 conviction is outside the 15 year time period specified in the Sentencing Guidelines.

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

**U.S.S.G. § 4B1.1.** "'Prior felony conviction' means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." **U.S.S.G. § 4B1.2, comment. (n.1).** However, if the prior sentence was suspended, it does not count. **U.S.S.G. § 4A1.2(b)(2) ("If part of a sentence of imprisonment was suspended, "sentence of imprisonment" refers only to the portion that was not suspended.").** Thus, the Petitioner's 1987 assault conviction would not qualify as a prior felony conviction because it was a

suspended sentence. ***United States v. Romary*, 246 F.3d 339, 342-43 (4th Cir. 2001).** However, when that suspended sentence was later revoked in 1989 and the two year sentence imposed, the original conviction then qualified as a prior adult felony conviction imposed within 15 years of the 1999 commencement of this offense. *Id.* Thus, this argument as well is rejected.

Petitioner makes the same claim of ineffective assistance against his appellate counsel, using the same arguments. For the reasons stated *infra*, that claim as well is dismissed.

Some months after the Petitioner filed his § 2255 motion, he submitted for filing an affidavit from his trial counsel, Andrew Banzhoff, in which Mr. Banzhoff averred as follows:

> I relied upon the representations in the [presentence] report, and did not independently review the judgment in [the California] case. Furthermore, I had no reason at that time to doubt the validity of the representation in the report.
>
> I did not file an objection to the use of this conviction, because my review of the guideline provisions indicated that if the probation was revoked as stated, that there were no legitimate grounds for attacking the conviction.

> [H]ad I been aware of the possible dispute regarding the probation revocation, I would have filed an objection to the conviction.[3] [I]t is my belief that . . . the only way the conviction could be used were if the probation was revoked and a sentence in excess of one year and one month was actually imposed.

**Appendix 10, Affidavit of Andrew Banzhoff, *attached to* Petitioner's Amendment and Supplemental Petition pursuant to Title 28 U.S.C. 2255 and F. R. Civil P. Rule 15, filed December 2, 2003 (footnote added).** Mr. Banzhoff was not ineffective in relying on the representations in the presence report. ***Taylor v. United States*, 2005 WL 1950148, \*\*2 (W.D. Va. 2005) (failure to object was not ineffective assistance of counsel because enhancement was correct).** And, more to the point, the Probation Officer was correct; the Petitioner's suspended sentence was, in fact, revoked, as the documents he has placed before the Court disclose. Thus, assuming *arguendo* that Mr. Banzhoff was ineffective, the Petitioner suffered no prejudice. ***Daniels v. United States*, 532 U.S. 374, 376 (2001) (With the sole exception of the right to counsel, a federal prisoner may not attack a predicate state conviction used to enhance a federal sentence through a**

---

[3]Mr. Banzhoff, did, however alert the Court to the fact that the Petitioner thought the report "inaccurately represent[ed] the nature of the offense and the actual sentence" in the objections which he filed to the presentence report.

**motion pursuant to § 2255.);** *United States v. Gadsen*, 332 F.3d 224, 227-28 (4th Cir. 2003); *McCarthy v. United States*, 320 F.3d 1230 (11th Cir. 2003).

Petitioner next claims that trial counsel was ineffective because he did not object to the form of the verdict sheet which contained an interrogatory pursuant to which the jury found the conspiracy involved at least five kilograms of cocaine. The jury, he argues, should have found the amount of drugs with which the Petitioner himself was involved.

The bill of indictment charged that the "conspiracy involved at least five kilograms" of cocaine. **Bill of Indictment,** *supra*. The Verdict Sheet contained the following:

> As to the charge contained in the Bill of Indictment, do you find the Defendant, Amos Junior Scott -
>
> GUILTY: _____     NOT GUILTY: _____
>
> If you find the Defendant guilty of the charge contained in the indictment, then answer the next issue . . . .
>
> As to the charge contained in the Bill of Indictment, did the conspiracy described in the indictment involve at least five kilograms of a mixture or substance containing a detectable amount of cocaine?
>
> YES: _____     NO: _____

14

**Verdict Sheet, filed January 12, 2001.** The jury answered "Guilty" and "Yes." The Petitioner's sentence, therefore, did not violate *Apprendi* or *Blakely v. Washington*, 542 U.S. 296 (2004), because, first, the indictment contained the amount of cocaine at issue and, second, the verdict sheet also contained a specific finding as to drug amount. Petitioner claims the jury should have found the amount of drugs attributable to his personal conduct instead of that attributable to the conspiracy.

> *Apprendi* requires the jury only to set the "maximum sentence ([*i.e.*, the] ceiling)" under which each coconspirator's sentence must fall. The judge, however, may determine the "floor" by finding the precise drug quantity attributable to each co-conspirator. The jury is not required to make individualized findings as to each coconspirator because "[t]he sentencing judge's findings do not, because they cannot, have the effect of increasing an individual defendant's exposure beyond the statutory maximum justified by the jury's guilty verdict."
>
> . . .
>
> *Booker*[4] does not alter the well-established rule that a finding of drug type and quantity for the conspiracy as a whole sets the maximum sentence that each coconspirator can constitutionally be given. Therefore, the practice outlined above is entirely consistent with *Apprendi* and *Booker* because the jury sets the applicable "statutory maximum" by determining the type and quantity of drugs attributed to the conspiracy as a whole while the judge's findings have the effect only of potentially decreasing an individual defendant's sentence.

---

[4]***United States v. Booker*, 125 S. Ct. 738 (2005).**

*United States v. Stiger*, 413 F.3d 1185, 1192-93 (10th Cir. 2005) (quoting *United States v. Knight*, 342 F.3d 697, 711 (7th Cir. 2003) (other internal citations omitted) (footnote added); *accord, United States v. Mercado Irizarry*, 404 F.3d 497, 503 (1st Cir. 2005) ("[T]he maximum statutory penalty available to the district court at sentencing for a defendant convicted of a drug conspiracy is based on the drug quantity and amount reflected in the jury verdict attributable to the conspiracy as a whole."); *United States v. Casiano*, 133 Fed. Appx. 791, 796 (2d Cir. 2005); *United States v. Odman*, 47 Fed. Appx. 221, 223 (4th Cir. 2002).

The Petitioner's next argument is rejected for a similar reason. He claims that he was entitled to have his role in the conspiracy found by the jury beyond a reasonable doubt. However, the Petitioner's sentence did not exceed the statutory maximum and thus, any enhancements found by the undersigned at sentencing did not offend *Apprendi*, *Blakely*, or *Booker*. *United States v. Jimenez*, 142 Fed. Appx. 685 (4th Cir. 2005).

In July 2004, the Petitioner moved to "add additional support to initial 2255 motion and expand the record." The undersigned allowed the filing of two additional pleadings after the initial motion; the December 2, 2003,

amendment and the January 16, 2004, motion to amend. Technically, only the December 2003 filing should have been allowed. **Fed. R. Civ. P. 15(a) ("A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served[.] Otherwise a party may amend the party's pleading only be leave of court[.]");** *Whab v. United States*, **408 F.3d 116, 119 (2d Cir. 2005).** A prisoner attacking his sentence is not entitled to continuously add new grounds while the petition is pending. *Id.*, **at n.2.** Allowing a motion to amend "should not be misconstrued as providing a free pass to prisoners to file numerous petitions before an initially filed petition is finally adjudicated on the merits. Traditional doctrines, such as abuse of the writ, continue to apply." *Id.* Otherwise, the statute of limitations provision contained within the statute would be meaningless. *Burns v. United States*, **2005 WL 2656095 (11th Cir. 2005).** In any event, the issues raised are merely repetitions of the claims previously submitted and are rejected for the same reasons.

On February 3, 2005, the Petitioner filed yet another supplement to the original petition, raising *Apprendi, Blakely* and *Booker* as grounds for relief. The Petitioner's sentence, which does not exceed the prescribed statutory

maximum sentence of life imprisonment, does not violate the proscriptions of *Apprendi*. **United States v. Bradford, 7 Fed. Appx. 222, 223 n.* (4th Cir. 2001) (citing United States v. White, 238 F.3d 537, 542 (4th Cir. 2001))._

In *Blakely*, decided in June 2004, the Supreme Court held that Washington State's statutory sentencing scheme violated *Apprendi* because the sentencing court used aggravating factors, to which the defendant had not stipulated in his plea agreement, to enhance the defendant's sentence above the sentencing guideline range. *Blakely* does not apply retroactively to convictions that were final at the time that case was decided.[5] **United States v. Price, 400 F.3d 844 (10th Cir. 2005); Varela v. United States, 400 F.3d 864 (11th Cir. 2005); Cooper-Smith v. Palmateer, 397 F.3d 1236 (9th Cir. 2005); Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005); United States v. Marshall, 117 Fed. Appx. 269 (4th Cir. 2004).**

In *Booker*, the Supreme Court held that the United States Sentencing Guidelines, as a mandatory sentencing procedure, are unconstitutional but that they may be used as an advisory guide by sentencing courts. Every circuit court which has addressed the issue of whether *Booker* may be applied

---

[5] The Supreme Court declined to allow the Petitioner's motion for a writ of *certiorari* on January 13, 2003.

retroactively to cases on collateral review has held that *Booker* is not retroactive.  ***United States v. Cruz*, 423 F.3d 1119 (9th Cir. 2005); *United States v. Bellamy*, 411 F.3d 1182 (10th Cir. 2005); *Lloyd v. United States*, 407 F.3d 608 (3d Cir. 2005); *Guzman v. United States*, 404 F.3d 139 (2d Cir. 2005); *Varela, supra*; *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir.), *cert. denied*, 125 S. Ct. 2559 (2005) ("We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005."); *In re Anderson*, 396 F.3d 1336, 1339 (11th Cir. 2005); *United States v. Johnson*, 2005 WL 2705818, \*\*1 n.2 (4th Cir. 2005).**

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's motions to supplement or amend his § 2255 motion filed December 2, 2003, January 16, 2004, and February 3, 2005, are **ALLOWED**; the Petitioner's motion to add additional support and expand the record filed July 20, 2004, is **DENIED**.

**IT IS FURTHER ORDERED** that the Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is hereby **DENIED**. A Judgment dismissing this action is filed herewith.

**Signed: November 7, 2005**

Lacy H. Thornburg
United States District Judge