# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

## CIVIL NO.  1:03CV251
## (1:00CR69-5)

| | | |
|---|---|---|
| **AMOS JUNIOR SCOTT,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **Vs.** | ) | **O R D E R** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's petition pursuant to Federal Rule of Civil Procedure 60(b).  **Petition to Reopen and Reconsider Prior Proceedings, filed January 12, 2009.**  For the reasons stated herein, the petition is denied.

In September 2000, Petitioner was indicted for conspiracy to possess with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 851.  **Bill of Indictment, filed September 11, 2000, at 1-2.**  Following a plea of not guilty, he was convicted by a jury.  **Verdict Sheet, filed January 12, 2001, at 1.**  Because of his history of prior convictions, including assault with a deadly weapon and possession of

"rock" cocaine, Petitioner was deemed a career offender and received a sentence of life imprisonment.  **Judgment in a Criminal Case, filed September 13, 2001, at 2;** *United States v. Scott***, 40 F. App'x 807, 808 (4th Cir. 2002) (detailing Petitioner's prior convictions).**  Petitioner pursued an unsuccessful appeal.  *Scott***, 40 F. App'x at 808**, *cert. denied***, 537 U.S. 1140 (2003).**

Petitioner then filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  **Motion to Vacate, filed October 10, 2003.**  The undersigned denied the § 2255 motion and Petitioner's subsequent motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e).  **Judgment, filed November 7, 2005, at 1; Order, filed December 9, 2005, at 7.**  Petitioner appealed unsuccessfully. *United States v. Scott***, 185 F. App'x 292 (4th Cir. 2006),** *cert. denied***, 127 U.S. 2909 (2007).**

Petitioner has now filed a petition to reopen and reconsider prior proceedings pursuant to Federal Rule of Civil Procedure 60(b).  Rule 60(b) provides, in pertinent part: "On motion and just terms, the court may relieve a party . . . from a final judgment . . . [if] applying it prospectively is no longer equitable; or any other reason that justifies relief."  **Fed. R. Civ. P.**

**60(b)(5) & (6).** Rule 60(b), however, may not be misused as a backdoor means of filing an unapproved successive § 2255 motion. ***Gonzalez v. Crosby*, 545 U.S. 524, 530-31 (2005).** As the Fourth Circuit has explained:

> § 2255 bars successive applications unless they contain claims relying on "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

***United States v. Winestock*, 340 F.3d 200, 204 (4th Cir. 2003) (quoting 28 U.S.C. § 2255).** Furthermore, "a prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals. . . . In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims." ***Id.* at 204-05.**

As previously noted, the Petitioner has already filed one motion pursuant to § 2255. Although the instant motion is styled as a Rule 60(b) motion, if it is – in reality – a motion pursuant to § 2255, the undersigned has no jurisdiction to entertain it unless it has been certified "by a panel of the appropriate court of appeals." **28 U.S.C. § 2255; *see also Winestock*,**

**340 F.3d at 204-05.**  Therefore, in order to ascertain whether this Court

has jurisdiction to rule on the instant motion, the Court must first inquire as

to whether the motion is a successive § 2255 motion.  ***See Winestock*,**

**340 F.3d at 203 ("The ultimate question here is whether [Petitioner's]**

**motion for [relief] should [be] treated as a successive collateral**

**review application.").**  In such an analysis, the Court is guided by the

following language from *Winestock*:

> [D]istrict courts *must* treat Rule 60(b) motions as successive
> collateral review applications when failing to do so would allow
> the applicant to evade the bar against relitigation of claims
> presented in a prior application or the bar against litigation of
> claims not presented in a prior application.
>
> . . .
>
> [This] holding raises the question of how to distinguish a proper
> Rule 60(b) motion from a "successive [application] in 60(b)'s
> clothing."  There may be no infallible test for making this
> distinction, but a relatively straightforward guide is that *a motion
> directly attacking the prisoner's conviction or sentence will
> usually amount to a successive application*, while a motion
> seeking a remedy for some defect in the collateral review
> process will generally be deemed a proper motion to
> reconsider.  Thus, a brand-new, free-standing allegation of
> constitutional error in the underlying criminal judgment will
> virtually always implicate the rules governing successive
> applications.  Similarly, new legal arguments or proffers of
> additional evidence will usually signify that the prisoner is not
> seeking relief available under Rule 60(b) but is instead
> continuing his collateral attack on his conviction or sentence.

**Winestock**, 340 F.3d at 206-07 (emphasis added) (quoting *Lazo v.*
*United States*, 314 F.3d 571, 573 (11ᵗʰ Cir. 2002); other internal
citations and quotations omitted).

Petitioner's previous § 2255 motion argued that the jury verdict
should have contained a finding of drug quantities attributable solely to him
instead of to the conspiracy, citing *United States v. Collins*, 415 F.3d 304
(4ᵗʰ Cir. 2005). He now renews this argument in the instant motion. The
Court, however, thoroughly examined the same argument in ruling on
Petitioner's motion to reconsider. *See* **Order of December 9, 2005,**
***supra*, at 3-7.** As noted above, this ruling was sustained by the Fourth
Circuit and the Supreme Court.

The instant motion further argues that a recent ruling in a Fourth
Circuit case requires that a jury "properly determine the statutory threshold
quantity of cocaine attributable to [him]." **Petition, *supra*, at 20-21 (citing**
***United States v. Brooks*, 524 F.3d 549 (4ᵗʰ Cir. 2008)).** However, *Brooks*
"applies *Collins* as controlling precedent in this circuit." ***Brooks*, 524 F.3d**
**at 559 n.17.** Inasmuch as *Collins* was controlling precedent in this Circuit
at the time Petitioner appealed the denial of his § 2255 motion and that
ruling was not overturned on appeal, it appears Petitioner's arguments are

unavailing.  As stated previously by this Court, "[t]he fact that the law *may* have changed in light of subsequent precedent, is an issue which the Petitioner should pursue with the Fourth Circuit Court of Appeals."  **Order of December 9, 2005, *supra*, at 7 (emphasis original).**  The fact that he has done so and the Fourth Circuit sustained this Court, is evidence that Petitioner's criminal conviction and sentence pass constitutional muster.

From these considerations, the Court concludes that Petitioner's latest motion is, in fact, a successive § 2255 petition and not a true Rule 60(b) motion.   The Court can ascertain no other purpose for Petitioner's lengthy petition other than to challenge his underlying conviction and sentence – even though Petitioner insists otherwise.  ***See* Petition, *supra*, at 18, n.14 ("This brief is in no way an attempt to challenge the underlying sentence or conviction.  It is only presented to show that if this court allows the reopening and further briefing of the prior proceedings, petitioner's claims are meritorious and deserve reconsideration.").**

As the Fourth Circuit explained in *Winestock*, this Court lacks jurisdiction to consider a successive § 2255 application containing repetitive claims.  **340 F.3d at 205.**  Rather, such a successive application

must be presented in the first instance to the Fourth Circuit and not to this Court. *Id.*

To the extent Petitioner submits claims previously raised on appeal and in his § 2255 motion, the motion to reconsider is denied. To the extent that he is seeking re-litigation of claims previously presented and rejected, such are subject to the requirements for successive applications, that is, they must first be presented to the Fourth Circuit.

**IT IS, THEREFORE, ORDERED** that the Petitioner's petition to reopen and reconsider prior proceedings pursuant to Federal Rule of Civil Procedure 60(b) is hereby **DENIED**.

Signed: January 26, 2009

Lacy H. Thornburg
United States District Judge